**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JAMES EDWARD ROSENBAUM and | § | Case No. 08-43029 |
| SANDRA ALICE ROSENBAUM, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| JAMES EDWARD ROSENBAUM and, | § | |
| SANDRA ALICE ROSENBAUM, | § | |
| | § | |
| Plaintiffs, | § | Case No. 4:10-CV-512 |
| | § | |
| v. | § | |
| | § | |
| C.L. GAGE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER AFFIRMING
APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
BANKRUPTCY CASE NUMBER 08-43029
ADVERSARY PROCEEDING NUMBER 09-04023**

James Edward Rosenbaum and Sandra Rosenbaum ("the Debtors") appeal the bankruptcy court's August 5, 2010 final judgment. In the final judgment, the bankruptcy court found, in pertinent part, as follows:

> C.L. Gage (hereinafter "Plaintiff") filed a lawsuit on December 11, 2006 in the 271st Judicial District, Wise County, Texas. That case was set for trial in the 271st Judicial District, Wise County, Texas on November 12, 2008. On or about November 10, 2008, Defendants James Edward Rosenbaum and Sandra Rosenbaum (hereinafter "Defendants") filed for bankruptcy which stayed the proceedings in the

271st Judicial District, Wise County, Texas. On or about February 13, 2009, Plaintiff filed this adversary proceeding in the United States Bankruptcy Court for the Eastern District of Texas Sherman Division against Defendants alleging the same set of facts that they maintained gave rise to causes of action for common-law fraud, statutory fraud under Texas Business & Commerce Code §27.01, breach of fiduciary duty, minority shareholder oppression and theft in the previously filed Wise County action. Plaintiff also asserted that the claims owed by Defendants to Plaintiff were not dischargeable under Sections 523(a)(2)(A)-(B), 523(a)(4) and 523(a)(6) of the Bankruptcy Code.

Having considered the pleadings, the evidence presented at trial, the testimony presented at trial and post-trial motions and hearings, the applicable law and findings of fact and conclusions [o]f law laid out in [ ] the Memorandum Opinion and Order entered by this Court on May 7, 2010 and the Order Awarding Attorneys' Fees on July 26, 2010 the Court renders judgment as follows:

(1) IT IS HEREBY ORDERED AND DECREED that Defendants James E. "Jim" Rosenbaum and Sandra Rosenbaum are liable to Plaintiff for minority shareholder oppression.

(2) IT IS HEREBY ORDERED AND DECREED that Defendants James E. "Jim" Rosenbaum and Sandra Rosenbaum are liable to Plaintiffs for breach of fiduciary duty.

(3) IT IS HEREBY ORDERED AND DECREED that Defendants James E. "Jim" Rosenbaum and Sandra Rosenbaum are liable to Plaintiffs for common-law fraud and statutory fraud under Texas Business and Commerce Code §27.01.

(4) IT IS HEREBY ORDERED AND DECREED that Plaintiffs have and recover from Defendants James E. "Jim" Rosenbaum and Sandra Rosenbaum, jointly and severally, on the cause of action for breach of fiduciary duty, statutory fraud, common-law fraud and shareholder oppression compensatory damages in the amount of $324,400.00.

(5) IT IS HEREBY ORDERED AND DECREED that Plaintiffs have and recover from Defendants James E. "Jim" Rosenbaum and Sandra Rosenbaum, jointly and severally, attorney fees for preparation of the case in the amount of $175,000.00 pursuant to Texas Business and Commerce Code §27.01(e).

_____

(9) IT IS FURTHER ORDERED AND DECREED that the causes of action which defendants James E. "Jim" and Sandra Rosenbaum are found liable for

    above are the type and character that meet and satisfy the requirements of 11 U.S.C. [§§] 523(a)(2)(A), (a)(4) and (a)(6) and are non-dischargeable.

    After filing their notice of appeal, the Debtors designated the issues to be decided on appeal. Those issues are as follows:

1. Whether the Bankruptcy Court erred in holding that Plaintiff C.L. Gage's pre-petition claims or causes of action against the Debtors were non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code;

2. Whether the Bankruptcy Court erred in holding that Plaintiff C.L. Gage's pre-petition claims or causes of action against the Debtors were non-dischargeable under § 523(a)(4);

3. Whether the Bankruptcy Court erred in holding that Plaintiff C.L. Gage's pre-petition claims or causes of action against the Debtors were non-dischargeable under § 523(a)(6) of the Bankruptcy Code;

4. Whether the Bankruptcy Court erred in holding that Plaintiff C.L. Gage was entitled to an award of $175,000.00 in attorneys' fees in connection with the prosecution of his non-dischargeable complaint; and

5. Whether the Bankruptcy Court erred in holding that the Debtors are liable to Plaintiff C.L. Gage for minority shareholder oppression, breach of fiduciary duty, common law fraud and statutory fraud under § 27.01 of the Texas Business & Commerce Code.

The court notes that with the exception of the Debtors' attorneys' fee arguments, the Debtors failed to advance their current, underlying arguments in the bankruptcy court on the issues now presented on appeal. Accordingly, the court need not address these issues. *In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001) ("'It is well established that [the appellate courts] do not consider arguments or claims not presented to the bankruptcy court.'").

    The only issue before the court is that of attorneys' fees. As noted above, the bankruptcy court awarded the Plaintiff attorneys' fees in the amount of $175,000.00 pursuant to § 27.01(e) of the Texas Business & Commerce Code. The Debtors contend that (1) the bankruptcy court was not

authorized to award attorneys' fees in this non-dischargeability action, and (2) if the bankruptcy court was authorized to issue an award of attorneys' fees, the award was not reasonable. "[T]his [c]ourt reviews the bankruptcy court's award of attorney's fees for abuse of discretion." *In re Babcock & Wilcox Co.*, 526 F.3d 824, 826 (5th Cir. 2008). "A bankruptcy court abuses its discretion when it '(1) applies an improper legal standard or follows improper procedures in calculating the fee award or (2) rests its decision on findings of fact that are clearly erroneous.'" *Id*. (citations omitted). The court "reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo." *Id*. (citation omitted).

"The only statutory authorization for an award of attorneys' fees in a dischargeability proceeding is found in 11 U.S.C. § 523(d), which gives a prevailing debtor a right to attorneys' fees in certain cases." *In re Claybrook*, 385 B.R. 842, 854 (Bankr. E.D. Tex. 2008). "With regard to a request by a prevailing creditor for his attorneys' fees, such fees form a part of a bankruptcy claim and can be nondischargeable where the creditor has a [ ] right to them valid under state law." *Id*. (citations omitted). Here, the Plaintiff sought attorneys' fees pursuant to § 27.01(e) of the Texas Business & Commerce Code which provides as follows:

> Any person who violates the provisions of this section shall be liable to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court.

Tex. Bus. & Com. Code Ann. § 27.01(e). Since the bankruptcy court found that the Debtors are liable to the Plaintiff for statutory fraud under § 27.01 of the Texas Business & Commerce Code, the bankruptcy court's award of attorneys' fees to the Plaintiff was warranted. *Cf. In re Blake*, 401 B.R. 839, 845 (Bankr. S.D. Tex. 2009).

Having concluded that the bankruptcy court was authorized to award attorneys' fees, the

court turns to the amount of attorneys's fees awarded. The bankruptcy court's determination that $175,000.00 was a reasonable attorneys' fee was not clearly erroneous. The court finds that such an award was not an abuse of the bankruptcy court's discretion. Based on the foregoing, the bankruptcy court's judgment is hereby **AFFIRMED**.

IT IS SO ORDERED.

**SIGNED this the 29th day of September, 2011.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE